**No. 48815.**—Protest 977751–G of N. Y. Merchandise Co., Inc. (New York).

Opinion by Lawrence, J. The record, which was uncontradicted, disclosed that the brass base shells are similar to those involved in *New York Merchandise Co., Inc.* v. *United States* (8 Cust. Ct. 209, C. D. 607). They were therefore held dutiable at 35 percent under paragraph 353 as articles having as an essential feature an electrical element or device, such as signs, as claimed. The marcel irons stipulated to be similar to those involved in Abstract 38680 and paperweights similar to those involved in *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) were held dutiable as household utensils at 40 percent under paragraph 339 in accordance with stipulation of counsel.

**No. 48816.**—Protests 33745–K, etc., of N. Y. Mdse. Co., Inc. (New York).

Opinion by Lawrence, J. The record disclosed that the brass base shells in question are similar to those involved in *New York Merchandise Co., Inc.* v. *United States* (8 Cust. Ct. 209, C. D. 607). The protests were therefore sustained as to this claim.

BEFORE THE THIRD DIVISION, OCTOBER 1, 1943

**No. 48817.**—Protests 21188–K, etc., of Stone & Downer Co. et al. (Boston, etc.).

Opinion by Ekwall, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, OCTOBER 2, 1943

**No. 48818.**—Petition 6369–R of Ecuadorian Panama Hat Co., Inc. (New York).

Opinion by Oliver, P. J. This case involves certain hats which were bought from a commissionaire or dealer who collects them from native weavers. The record disclosed that the prices fluctuate from time to time in the home market, due to seasonal activities, weather conditions, and harvesting. The witness stated that before making entry he submitted the invoices to the appraiser but that the appraiser had no information. The invoiced values were accepted and the merchandise appraised at such values, but later the collector appealed to reappraisement, the petitioner discovered different values, and stipulated as to the higher values. The court was of the opinion that the petitioner might well have established some more definite method of ascertaining market conditions and prices prevailing at the time of shipment, but upon the entire record it was convinced that the petitioner had no intent to conceal any information, or to deceive the appraiser. The petition was therefore granted.

**No. 48819.**—Petition 6161–R of Garcia Brothers and J. S. Holquin (El Paso).

Opinion by Oliver, P. J. The Assistant Attorney General having interposed no objection, the court dismissed the petition.